# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-929V
Filed: March 4, 2020
UNPUBLISHED

| | |
|---|---|
| LIGIA GAIRDO,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Special Master Horner<br><br>Interim Attorneys' Fees and Costs; Substitution of Attorney |

*Ramon Rodriguez, III*, Sands Anderson PC, Richmond, VA, for petitioner.
*Traci R. Patton*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 2, 2019, petitioner's prior counsel, Kayleigh Smith, filed a motion for interim attorneys' fees and costs in connection with a contemporaneously-filed consented motion to substitute attorney Ramon Rodriguez. (ECF Nos. 31-32.) For the reasons discussed below, petitioner's motion for interim attorneys' fees and costs is GRANTED and petitioner is awarded $15,760.36.

### I.   Procedural History

On June 28, 2018, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that as a result of her August 20, 2015 Prevnar vaccination she suffered a Shoulder Injury Related to Vaccine Administration or "SIRVA." (Pet.) Respondent recommended that entitlement to compensation be denied in this case. (ECF No. 21.)

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

On December 2, 2019, petitioner filed a motion for interim attorneys' fees and costs along with a motion to substitute counsel.  (ECF Nos. 31-32.)  Petitioner stated that "[b]ecause Petitioner is substituting new counsel, the Special Master should consider awarding Petitioner interim attorneys' fees and expenses," and that "[t]his situation is an 'extraordinary circumstance' where a motion for interim fees is deemed appropriate in the Program."  (ECF No. 31, p. 5.)  Moreover, petitioner averred that the case was filed in good faith and reasonable basis.  (*Id.*)  On December 4, 2019, petitioner's motion to substitute counsel was granted and Mr. Rodriguez was added as counsel of record, replacing Ms. Smith.  Petitioner is seeking a total amount of $15,877.85, representing $14,840.10 in interim attorneys' fees and $1,037.75 in interim attorneys' costs, to be awarded to Ms. Smith of The Greenwood Law Firm.

On December 23, 2019, respondent filed a response to petitioner's application for interim attorneys' fees and costs, deferring to "the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award set forth in *Avera* and the statutory requirements for an award of attorney's fees and costs."  (ECF No. 34, p. 2 (citations omitted).)  Respondent further requested that "the special master exercise his discretion and determine a reasonable award for interim attorneys' fees and costs." (*Id.* at 3.)  Petitioner did not file a reply.

Accordingly, petitioner's motion for interim attorneys' fees and costs is now ripe for resolution.

**II.      Good Faith and Reasonable Basis**

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  § 300aa–15(e)(1)(A)–(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  In order to qualify for an award of interim attorneys' fees and costs, the good faith and reasonable basis requirements must be satisfied.  (*Id.*)

"Good faith" is a subjective standard.  *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).  A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred.  *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  "Reasonable basis," however, is an objective standard.  Unlike the good faith inquiry, reasonable basis requires more than just petitioner's belief in his claim.  *See Turner*, 2007 WL 4410030, at *6.  Instead, a reasonable basis analysis "may include an examination of a number of objective factors, such as the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018).

There is no evidence that this petition was brought in bad faith.  Petitioner filed medical records that provide some objective evidence supporting her claim, including contemporaneous medical records from her treating physician observing her alleged initial vaccine reaction (diffuse erythema over the deltoid, and myalgia) and opining that petitioner had an allergic reaction (or local cellulitis) related to her Prevnar vaccination.  (Ex. 2, p. 100-02.)  Additionally, a later letter by petitioner's physician relates her ongoing pain and muscle weakness to her vaccination.  (Ex. 4, p. 3.)  In any event, respondent has at this time opted not to challenge petitioner's good faith and reasonable basis for filing this claim.[2]  (ECF No. 21, p. 2.)

### III.     An Award of Interim Attorneys' Fees and Costs is Appropriate

Stressing the absence of any prevailing party requirement under the Vaccine Act, the Federal Circuit has held in *Avera* that interim awards for attorneys' fees and costs are appropriate under the Vaccine Act.  515 F.3d at 1352 (citing §300aa-15(e)(1)).  Nonetheless, the Circuit denied an interim award in *Avera*, because the appellants had not suffered "undue hardship."  *Id*.  The Circuit noted that interim awards are "particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  *Id*.  Subsequently, in *Shaw v. Secretary of Health & Human Services*, the Federal Circuit reiterated its *Avera* standard, noting that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d 1372, 1375 (Fed. Cir. 2010).

Although noting that an award of interim attorneys' fees and costs is within the "reasonable discretion" of the special master, decisions of the Court of Federal Claims subsequently emphasized the Federal Circuit's "undue hardship" language and cautioned that the *Avera* decision did not create a presumption in favor of interim fees and costs in all cases.  *See, e.g.*, *Shaw v. Sec'y of Health & Human Servs.*, 110 Fed. Cl. 420, 423 (2013).  Nonetheless, it has also been noted that "the Federal Circuit in *Avera* and *Shaw* did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees."  *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012).

In *Woods*, the Court observed that withdrawal of an attorney should be an important, if not deciding, factor in determining the appropriateness of an interim fee award.  105 Fed. Cl. at 154.  Specifically, "there is no reason to force counsel, who have ended their representation, to delay receiving fees indefinitely until the matter is ultimately resolved.  The special master articulated a valid concern that it was 'unknowable' whether the case would be settled, or extensively litigated to the point of

---

[2] Notably, however, petitioner has a complicated medical history and further record development, likely to include expert reports, will be necessary to determine what condition is ultimately at issue in this case and which, if any, of her symptoms may be related to her vaccination.  Due to the severity requirement of the Vaccine Act (§ 300aa-11(c)(1)(D)), the fact that petitioner had an immediate vaccine reaction would not be sufficient to warrant compensation unless it can be linked by preponderant evidence to sequelae lasting at least six months.  Reasonable basis can be lost as a case progresses. *R.K. v Sec'y of Health & Human Servs.*, 760 Fed. Appx. 1010, 1012 (Fed. Cir. 2019) (citing *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1376-77 (Fed. Cir. 1994)).

determining damages. The special master reasonably concluded that delaying a fee award to counsel who had ended their representation for an indeterminable time until the case was resolved sufficed to constitute the type of 'circumstances' to warrant an interim fee award." *Id.*

Following *Woods*, special masters have previously observed that "after withdrawing from a case, it may be difficult for former counsel to receive a fees award, and, in such circumstances, special masters have often found it reasonable to make such interim awards. *See, e.g.*, *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Moreover, outstanding records remain and expert reports are anticipated. This leaves the ultimate time to resolution unknowable at this time. For all these reasons, I conclude that an award of interim fees and costs to prior counsel is appropriate in this case.

### IV.     Reasonable Attorneys' Fees and Costs

The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam).

In this case, petitioner seeks interim attorneys' fees of $14,840.10 and interim attorneys' costs of $1,037.75, for a total of $15,877.85. Petitioner's request is consistent in large part with previously-awarded rates with some limited exceptions relating to Ms. Smith's billing entries in 2019. Although overall, petitioner requested an hourly rate of $225 for Ms. Smith's work performed in 2019, upon my review of the billing records, there were four entries[3] where work performed by Ms. Smith was billed at $275 an hour. There is no indication as to why there was a different rate for these specific tasks, and therefore, I will reduce the rate to reflect the previously-awarded 2019 hourly rate of $225 for Ms. Smith. This results in a reduction of **$117.50**.

Turning to the number of hours billed in this case, I have reviewed the billing records submitted with petitioner's request and found the total hours requested for interim attorneys' fees to be reasonable. A special master need not engage in a line-by-line analysis of petitioner's fee application when assessing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).

---

[3] These entries are for work performed on October 31, 2019, November 27, 2019, and November 30, 2019. (ECF No. 31-1, pp. 8-9.)

Additionally, I have reviewed the supporting documentation submitted with the requested amount for attorneys' costs. The requested costs are adequately documented, appear reasonable, and will be awarded in full.

### V.     Conclusion

In light of the above, petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED** and petitioner is awarded $15,760.36, representing $14,722.60 in interim attorneys' fees and $1,037.75 in interim attorneys' costs.

**Accordingly, I award the total of $15,760.36 as a lump sum in the form of a check jointly payable to petitioner and The Greenwood Law Firm.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                                       <u>s/Daniel T. Horner</u>
                                                       Daniel T. Horner
                                                       Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.